# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Nancy Lea Goens and Timothy Allen Goens, | ) ) |
| Plaintiffs, | ) |
| vs. | ) No. 09-0422-CV-W-FJG |
| Southern Union Company d/b/a Missouri Gas Energy, | ) ) ) |
| Defendant. | ) |

## ORDER

Pending before the Court are plaintiffs' twelve motions in limine and defendant's motion in limine.

**I.      Background**

This case arises out of a fire that occurred in plaintiffs' home on April 27, 2004. Plaintiffs allege that the fire occurred due to the negligence of an MGE gas service technician who relit the pilot light of the water heater in the basement of plaintiffs' residence on April 14, 2004. Plaintiffs allege the MGE technician negligently failed to place the combustion access cover back on the water heater after relighting the pilot light. They further allege that a flame roll-out occurred within the water heater on April 27, 2004, igniting nearby combustible materials and causing extensive damage to the plaintiffs' residence. Plaintiffs further allege that the MGE gas service technician failed to remove combustibles that were near the water heater and/or failed to advise plaintiffs that storing combustible materials such as boxes, etc., near the water heater presented a dangerous condition and fire hazard.

Defendant MGE denies liability, and contends that any damages sustained by plaintiffs were caused by their storage of combustible materials next to the water heater and the storage of a leaking propane bottle next to the water heater. MGE also asserts an affirmative defense, that all plaintiffs' claims are barred because natural gas was distributed and sold to the subject residence in compliance with all industry standards and governmental regulations.

**I.     Plaintiff's Motions in Limine**

   **A.     Plaintiffs' Motion *In Limine* No. 1 to Exclude Hearsay Testimony of Unidentified Fire Department Person with Suggestions in Support Thereof (Doc. No. 99)**

Plaintiffs request an order excluding evidence or argument regarding any conversation or statements purportedly made by an unidentified firefighter to any representatives of defendant. Plaintiff indicates that defendant has relied "on self-serving testimony of its employee Brian Dresel regarding statements supposedly made by an unidentifiable firefighter on the day of the fire." See Doc. No. 99, ¶ 6. Plaintiffs indicate that the unidentified firefighter's statements supposedly were (1) the water heater's outer burner access cover was knocked off of the water heater by the hose water stream during firefighting efforts; and (2) a camp stove/propane bottle located adjacent to the water heater had not been moved by the fire department at any time during firefighting efforts. See Depo. Transc. of Brian Dresel, Doc. No. 99, Ex. 1, pp. 41:19-42:10 and 53:22-54:7. Plaintiff indicates that these statements are inadmissible hearsay, and are not admissible as a present sense impression under FRE 803(1), as the statements were not near simultaneous perceptions as required by the rule. United States v. Woods, 301 F.3d 556, 562 (7th Cir. 2002); U.S. v. Blakey, 607 F.2d 779, 786 (7th Cir. 1979)(finding a statement made 23 minutes after an incident to be substantially contemporaneous); Hilyer v. Howat, 578 F.2d 422, 426 (finding a statement made between 15 and 45 minutes after the occurrence to not be substantially contemporaneous) (D.C. Cir. 1978).

Defendant responds that the firefighter's statements qualify as a present sense impression under FRE 803(1), and that Mr. Dresel's motivation as a witness goes to the weight of his testimony, not the admissibility of his testimony on the topic of the firefighter's statements made to him. Defendant further indicates that each firefighter on the scene was identified in the Independence Fire Department report, so the firefighter is not purely "unidentified." Defendant indicates that the firefighter's statements were substantially contemporaneous, and that the rule allows a slight lapse in time. See FRE 803(1) Advisory Committee Note to Paragraphs (1) and (2). Defendant demonstrates that no more than 80 minutes (and more likely 15-45 minutes) passed between when the firefighter was at the scene of the fire and when he had the conversation with Mr. Dresel. Defendant also indicates the statement is admissible under FRE 807, as the statement is trustworthy, is being offered as evidence of the material fact, is more probative on the point for which it is offered than other evidence which can be procured through reasonable efforts, and admission would be in the interests of justice. Defendant also indicates that these statements are not prejudicial, as plaintiff had the opportunity to interview/depose the firefighter witnesses and did not. Defendant further argues that its experts can rely on hearsay if it is the type reasonably relied upon by experts in the particular field. See FRE 703.

Plaintiff replies, reiterating: (1) the statements were not close enough in time to the event perceived as required by FRE 803(1); (2) plaintiffs did interview the firefighters, none of whom remembered this conversation; (3) FRE 807 is inapplicable, because the rule

2

requires the proponent of such statements provide the name and address of the declarant, and defendant cannot provide this; and (4) the defendant should not be allowed to attempt to get these statements in through the expert reports.

**Ruling: <u>Sustained.  Testimony regarding the statements of the unidentified firefighter will not be allowed.  Further, defendant will not be allowed to attempt to present these statements through its expert reports</u>.**

> B. Plaintiffs' Motion *In Limine* No. 2 to Exclude Hearsay Evidence of the Fire Department Narrative with Suggestions in Support Thereof (Doc. No. 100)

Plaintiff seeks to exclude the introduction into evidence of the Independence Fire Department Case Narrative.  Captain Michael Cangelosi drafted the case narrative report, which plaintiffs anticipate defendant will seek to introduce into evidence.  The narrative states, in part:

> MGE arrived on the scene and began an investigation of the fire cause and origin.  Later, the probability of the fire origin was located against the water heater.  A camping stove with small propane tank was found sitting against the water heater.  A minute, however enough, amount of propane was leaking from the bottle as noticed from water near the propane tank outlet bubbling.  The location of the leaking bottle in combination with the igniting of the water heated [sic] probably caused a large enough flame to ignite materials that were also stored close to the water heater.  Once the other stored items were ignited, the fire spread to the confined area in the basement where it was extinguished by the fire dept. personnel.

Doc. No. 100, Ex. 1.

Plaintiff indicates that this report should not be admitted into evidence as (1) Capt. Cangelosi possesses no education in fire cause and origin investigation, and thus cannot express an expert opinion on such issues; (2) such opinions regarding cause and origin of the fire were not included in the Narrative as a result of any official duty imposed on Capt. Cangelosi, as he did not investigate the cause and origin of the fire and was not qualified to do so.  Plaintiff indicates the narrative is not admissible under FRE 803(8) public records exception nor the 803(6) business records exception.  Plaintiff also urges exclusion under FRE 403.

Defendant responds that the narrative qualifies as a record of regularly conducted activitiy under 803(6) and a public record and report under FRE 803(8).  Defendant notes the narrative does not contain mere opinions and conclusions of the reporting official, and instead contains the facts of the fire, the activities of the fire department personnel, and the personnel observations of Capt. Cangelosi. Defendant notes that preparation of the fire report is required by law, and the report and narrative have been maintained as legal records by the Independence Fire Department in the ordinary course of their business.  To

3

the extent that there are opinions regarding cause of the fire, defendant states that it does not intend to offer such opinions for the truth of the matter asserted, and that MGE will bring to the jury's attention that Cangelosi is not qualified to make such determinations. MGE indicates a jury instruction concerning the limited purposes of the purported opinions could be made.

Plaintiffs reply that to the extent that purely factual observations are deemed admissible, the Court allow only a redacted version of the narrative into evidence which excludes statements which consist of nothing more than opinions. Moreover, plaintiffs believe that with regard to the factual observations, the Narrative will be cumulative, as it is expected that Cangelosi will testify at trial as to his actual observations while at the fire scene.

**Ruling: Sustained.**

    **C.**    **Plaintiffs' Motion *In Limine* No. 3 to Exclude Evidence of Collateral Source Insurance Payments as Double Recovery with Suggestions in Support Thereof (Doc. No. 101)**

Plaintiffs request an Order excluding any party, their attorneys, and their experts from informing the jury that payment of plaintiffs' damages by their property insurance company should reduce the damages for which defendant may otherwise be liable, including any argument that a judgment awarding damages to plaintiffs would result in a double recovery or a windfall to plaintiffs. Plaintiffs state this is irrelevant under FRE 402, and inadmissible under Rule 403. Plaintiff indicates that the collateral source rule in Missouri provides that a wrongdoer is not entitled to have damages to which he is liable reduced by proving that plaintiff received compensation from a collateral source, including an insurance company. See Washington v. Barnes Hosp., 897 S.W.2d 611, 619 (Mo. 1995); Wallace v. May, 822 S.W.2d 471, 472 (Mo. App. E.D. 1991). Plaintiffs indicate this is a "subrogation case brought by the Plaintiffs' property insurance company, American Family Insurance Company (hereinafter "American Family"). Plaintiffs indicate that, if MGE makes reference to a judgment awarding damages to the Goens would result in a double recovery or a windfall, plaintiffs would be prejudiced.

In response, defendant does not dispute the well established rule that payments from collateral sources should not reduce the amount of recovery to a plaintiff, with a few exceptions. However, defendant indicates that the traditional application of the collateral source rule cannot be used in this case. Defendant states that Missouri law does not require that the action be brought in the name of the insured instead of the insurance company; instead, it provides that the legal title to the cause of action remains in the insured and the insurer's interest is an equitable right to subrogation, unless the insured assigns his or her property damage claim against the alleged tortfeasor to the insurer. See Hagar v. Wright Tire & Appliance, Inc., 33 S.W.3d 605, 610 (Mo. App. W.D. 2000). Defendant indicates that American Family could have enforced its subrogation right in its own name, but instead chose to file the lawsuit in the name of its insureds. Defendant notes that despite filing the action in the name of its insureds, American Family is seeking

to inject itself in the case as evidenced through this motion and its proposed instructions to the jury (see Doc. No. 96, p. 5, proposed jury instruction). Defendant believes that plaintiffs will introduce evidence of American Family's payments to plaintiffs, and defendant states that plaintiffs cannot be permitted to introduce evidence of insurance while foreclosing MGE from doing so.

In reply, plaintiffs suggest that defendant is mis-reading the motion; plaintiffs indicate they only want to foreclose argument about double recovery or windfall or some other reason to request a reduction of damages.

**Ruling: <u>Sustained</u>.**

        **D.**        **Plaintiffs' Motion *In Limine* No. 4 to Exclude Evidence of Defendant's Unauthenticated Photographs with Suggestions in Support Thereof (Doc. No. 102)**

Plaintiff seeks to exclude certain unauthenticated photographs disclosed by defendant under bates stamped numbers MGE 140 through MGE 152. Plaintiffs indicate that these photographs were used by MGE's expert Michael Schlatman, but plaintiffs indicate no MGE representative has been able to testify as to who took these photographs. Plaintiffs present the testimony of Kevin Fightmaster, who testified that he did not recall taking these photographs (although he does recall taking other photographs). Plaintiffs indicate that if any of these unauthenticated photographs are raised in this case, plaintiffs would be prejudiced.

Defendant responds that Kevin Fightmaster and other MGE representatives, including Brian Dresel, were at the scene immediately after the fire. Defendant indicates that Mr. Dresel testified that these photographs were taken on the date of the fire by Mr. Fightmaster, and although Mr. Fightmaster does not recall taking the photographs, the evidence will be that Mr. Dresel was with Mr. Fightmaster when the photographs were taken and he will identify himself in one of the photographs. Further, defendant indicates that its witnesses will be able to testify that the photographs, regardless of who took them, accurately reflect what they saw at the scene. Defendant states that, at the very least, it should be given the chance to authenticate these exhibits at trial.

In reply, plaintiffs indicate that defendant will not be able to make a proper showing of authentication at trial. Plaintiff further indicates the photographs are duplicative of other photographs, and should be excluded under FRE 403. Plaintiff indicates that, to the extent any of the photographs are admitted by the court, it requests a limiting instruction that "It will be up to you to determine the date or other circumstances surrounding what the photographs depict."

**Ruling: <u>Denied. Defendant will be given a chance to authenticate these exhibits at trial</u>.**

        **E.**        **Plaintiffs' Motion *In Limine* No. 5 to Exclude Evidence of Any Adverse**

**Affect on the Jury Resulting from Judgment Rendered for Plaintiffs with Suggestions in Support Thereof (Doc. No. 103)**

Plaintiffs seek an order excluding argument/evidence that any judgment rendered in this case against MGE could adversely affect the members of the jury (such as resuling in higher gas bills for customers of MGE). Plaintiff indicates it is inadmissible under FRE 402 and 403. Defendant filed no opposition.

**Ruling: <u>Sustained</u>.**

### F. Plaintiffs' Motion *In Limine* No. 6 to Exclude Evidence of Plaintiffs' Bankruptcy with Suggestions in Support Thereof (Doc. No. 104)

Plaintiffs seek an order excluding argument or evidence regarding plaintiffs' filing for bankruptcy and their financial status, under FRE 402 and 403. Plaintiffs indicate that their financial status and filing of bankruptcy is irrelevant and highly prejudicial.

Defendant opposes, indicating that the fire occurred (1) when all plaintiffs' family and pet were gone from the house, (2) when combustibles were stacked against the water heater, (3) after plaintiff had their gas service repeatedly terminated for failure to pay; and (4) plaintiffs' claimed personal property losses for insurance reimbursements were substantially in excess of what they owned, and plaintiffs' insurer seeks reimbursement from MGE via subrogation for plaintiffs' personal property claims that were fraudulent. Defendant indicates that after the fire, plaintiffs had so little equity in their home they walked away from it and permitted the lender to foreclose (and that they will present evidence of this at trial). MGE indicates it believes the jury could conclude from the evidence at trial the MGE did not cause or contribute to cause the fire, but that plaintiffs set the fire themselves. MGE indicates their bankruptcy is evidence of their financial money to obtain insurance money (both for the real estate damage and the personal property damages). MGE states it should not be precluded from availing itself of plaintiffs' bankruptcy to protect itself against false testimony which is relevant to both liability and damages.

Plaintiffs reply that there is not a shred of evidence that plaintiffs' insurance claims were fraudulent, and MGE has not disclosed expert or other witnesses that it will call to testify regarding insurance fraud (or that the fire was set by the Goenses). Plaintiffs indicate this testimony would be highly prejudicial and has no probative value.

**Ruling: <u>Denied. *See Kostelec v. State Farm Fire and Cas. Co.*, 64 F.3d 1220, 1224, n.4 (8th Cir. 1995) (finding, "Under federal evidentiary principles (which control in this diversity action. . . ), evidence of financial distress may be used to establish a motive for arson, provided, of course, that the property is insured.")(citations omitted); *Lube v. Travelers Indem. Co.*, 2009 WL 5185384, \*1 (E.D. Ark., 2009)(citing *Kostelec*, and finding that while evidence of plaintiff's bankruptcy and financial condition may be prejudicial, it is probative to the extent that it provides evidence of motive for plaintiff to start the fire or have someone start it for him).</u>**

G.  **Plaintiff's Motion *In Limine* No. 7 to Exclude Evidence of Retention of Counsel with Suggestions in Support Thereof (Doc. No. 105)**

Plaintiffs seek a ruling excluding argument or evidence regarding when plaintiffs first learned of the lawsuit and the circumstances regarding the retention of counsel by plaintiffs' insurance company. Plaintiffs indicate this evidence is inadmissible pursuant to FRE 402 and 403. Plaintiffs indicate the matter is a subrogation case brought by American Family, and "as required by Missouri law" is brought in the name of the insureds on behalf of their insurer. See e.g., State Farm Mut. Automobile Ins. Co. v. Jessee, 523 S.W.2d 832 (Mo. App. 1975); Warren v. Kirwan, 598 S.W.2d 598, 599 (Mo. App. 1980); Alsup v. Green, 517 S.W.2d 151 (Mo. App. 1974).

Plaintiffs' counsel indicates they interviewed Ms. Goens prior to litigation being filed, informing her that such litigation would be filed, requiring her cooperation and assistance pursuant to the terms of the insurance contract. However, Mr. Goens testified at his deposition that he did not have conversations with the insurance representative about the investigation and learned of the suit when Ms. Goens told him about her deposition. See Doc. No. 105, Ex. 2. Plaintiffs indicate that when the Goens' first learned of this lawsuit and the circumstances regarding the retention of counsel by the insurance company are non-probative, prejudicial, inflammatory, and would confuse the jury.

Defendant responds that this evidence is relevant, as the evidence at trial will demonstrate that neither the plaintiffs (Mr. and Mrs. Goens) nor MGE believe that MGE caused or contributed to cause the fire. Instead, defendant indicates that the allegations of negligence made against MGE were not known to or authorized by plaintiffs, plaintiffs disagree with the allegations fo fault made in their names against MGE, and responses to interrogatories submitted by MGE were purportedly made by plaintiffs but were, in truth, neither known to nor authorized by plaintiffs. Defendant further indicates that Missouri law does not require the action be brought in the name of the insured, but rather provides that legal title to the cause of action remains in the insured, and the insurer's only interest is a right to subrogation, unless the insured assigns his property damage claim to the insurer. MGE states that it does not intend to question plaintiffs about their conversations with counsel, nor does it intend to attempt to discredit plaintiffs for exercising their rights fundamental to or granted by the legal system.

Plaintiffs respond that the Goens' are not fire investigators, and their thoughts as to what caused the fire are irrelevant. Plaintiffs also indicate that MGE's "outlandish accusations" regarding the interrogatory responses are without merit, as those responses which have the Goens' verified services were made on November 24, 2009. Plaintiffs also reply that none of the evidence surrounding retention of counsel has any bearing on the merits of this case.

**Ruling: Sustained.**

**H. Plaintiffs' Motion *In Limine* No. 8 to Exclude Evidence of Dating Habits of Sherry Hercules with Suggestions in Support Thereof (Doc. No. 106)**

Plaintiffs seek to exclude evidence or argument regarding the dating habits of their daughter, Sherry Hercules, including but not limited to whether Ms. Hercules knows the identity of her daughter's father. See FRE 402 and 403 (plaintiff argues this evidence is non-probative, prejudicial, and wholly inflammatory). Defendant filed no opposition.

**Ruling: Sustained.**

**I. Plaintiffs' Motion *In Limine* No. 9 to Exclude Evidence of Settlement Offers with Suggestions in Support Thereof (Doc. No. 107)**

Plaintiffs move to exclude any argument or evidence regarding any settlement negotiations and/or statements, claims or positions made in settlement negotiations, pursuant to FRE 402, 403, and 408. Defendant filed no opposition.

**Ruling: Sustained.**

**J. Plaintiffs' Motion *In Limine* No. 10 to Preclude Speaking Objections and Argument in Presence of Jury with Suggestions in Support Thereof (Doc. No. 108)**

Plaintiffs move for an Order excluding any party, their attorneys, and the parties' experts from making speaking objections or otherwise presenting arguments to the Court in the presence of the jury. No opposition was filed to this motion.

**Ruling: Sustained.**

**K. Plaintiff's Motion *In Limine* No. 11 to Exclude Evidence of Other Incidents of Gas Shut Off Due to Non-Payment with Suggestions in Support Thereof (Doc. No. 110)**

Plaintiffs move for an order excluding evidence and argument regarding other incidents of non-payment resulting in shut-off of utilities, including other incidents of gas service shut off for non-payment, pursuant to FRE 402 and 403. Plaintiffs note that the parties have already stipulated that on April 14, 2004, MGE terminated the natural gas service to the Goens' home due to failure to pay. See Doc. No. 76, stipulation of facts. Plaintiffs state any other incidents when the Goens had their gas shut off (or other utilities shut off) due to non-payment are irrelevant, non-probative, prejudicial, and wholly inflammatory.

Defendant responds that evidence of other incidents of natural gas service having been shut off due to non-payment is relevant to show that plaintiffs were accustomed to having their natural gas service shut off and dealing with life absent natural gas. Defendant further indicates its belief that the evidence at trial will show that plaintiffs used their

propane camping stove in lieu of natural gas on the instances when gas was shut off, which accounts for the recent movement of the camping stove and its location adjacent to the water heater at the time of the fire. Additionally, defendant indicates that plaintiffs were accustomed to lighting the water heater given the numerous occasions that gas was shut off, and thus were familiar with the removal and replacement of the outer and inner heat shield of the water heater's combustion chamber (contradicting plaintiffs' deposition testimony and the basis of plaintiffs' claims against MGE). Further, defendant indicates that Ms. Goens' testimony that she forgot to pay her water bills might be relevant to show that she suffers from memory problems.

Plaintiffs reply: (1) there is no evidence that they used the propane camping stove in lieu of natural gas on any occasion (citing, instead, plaintiffs' testimony that while they stored the stove in the basement, they never used it in their house or in their backyard); (2) there is no evidence the Goens' ever lit the water heater's pilot light, and the family all testified that none of them ever lit the pilot light; (3) Ms. Goens' memory issues have nothing to do with how or why the fire started; and (4) MGE's argument demonstrate's MGE's intent to improperly paint the Goens family as deadbeats who were looking to make money from the fire.

**Ruling: <u>Sustained under FRE 403</u>.**

  L. **Plaintiff's Motion *In Limine* No. 12 to Exclude Evidence of Other Damages with Suggestions in Support Thereof (Doc. No. 111)**

Plaintiffs seek an order excluding any argument or evidence regarding any damages above or other than the damages claimed in the instant action, pursuant to FRE 402 and 403). Plaintiffs indicate that they have claimed damages in the amounts of $65,321.03 to plaintiffs' residence, $50,700.00 to damage to contents, and $13,441.45 in expenses related to alternative living expenses during home restoration. Plaintiffs anticipate defendant will attempt to introduce evidence of plaintiffs' report to their insurance company that they suspected certain cracking in their basement and walls may have been related to the subject fire; however, these and other additional repairs are not included in the claimed damages against MGE. Plaintiffs indicate that any evidence related to the investigation of other damages not claimed in this case is non-probative, prejudicial, and inflammatory.

Defendant responds, similarly to its response to motion in limine number 6, above, that plaintiffs may have set the fire themselves. Defendant indicates that it is relevant that plaintiffs attempted to overstate their damages to their insurance company by attempting to attribute cracking in their basement and walls to the fire when the condition had clearly existed for years. Defendant indicates that plaintiffs further failed to pay for additional repairs to the restoration company when the insurance company did not do so. Defendant indicates that the failure to pay for additional repairs completed on the home is further evidence of the financial motive to set the fire to obtain insurance money and to overstate their items of personal property loss to obtain insurance money, and that both issues are relevant to liability and damages. Further, defendant indicates that the evidence at trial will

be that allegations of negligence made against MGE were not known to or authorized by plaintiffs (thus, arguing that the lawsuit, although brought in the Goens' name by the insurance company, was not brought by their consent).

Again, plaintiffs respond that there is no evidence that the insurance claims were fraudulent, and that defendant has not disclosed any expert or other witness that will testify regarding insurance fraud. Additionally, plaintiffs state there is no logical connection between the Goens' belief that the fire may have damaged their home's foundation and whether the think that MGE played any role in the fire. Neither American Family nor the Goenses are seeking compensation from MGE regarding the home's foundation. Again, plaintiffs suggest this evidence is prejudicial under FRE 403.

**Ruling: <u>Sustained</u>.**

**II.    Defendant's Motion in Limine (Doc. No. 121)**

Defendant seeks an Order in Limine precluding the introduction of or questioning, testimony, comments, or argument relating to repair damages to the real property and relating to the replacement cost damages to the personal property. Defendant notes that the proper measure of damages for real property under Missouri law is "the difference in its fair market value before and after the injury, or the cost of restoring it, whichever is less." Reinbott v. Tidwell, 191 S.W.3d 102, 112 (Mo. App. S.D. 2006). Defendant notes, however, the plaintiffs' proposed jury instruction (Doc. No. 96, p. 7) indicates that "If you find in favor of plaintiffs, then you must award plaintiffs such sum as you may find from the evidence to be the reasonable cost of repair of any damage to the plaintiffs' house." Defendant states that the burden is on plaintiffs to prove their damages, and if they are unable to submit evidence under the proper measure of damages, they should not be permitted to request such damages from the jury. Defendant therefore indicates that plaintiffs should not be allowed to present argument to the jury that the cost of repair is the proper measure of damages without submitting evidence of the fair market value of the house for the jury to consider.

Further, with respect to personal property, MGE anticipates that plaintiffs will attempt to introduce evidence about the "replacement cost" of personal property items, instead of their actual cash value. However, plaintiffs are only entitled to damages representing the actual cash value of the items damaged in the fire at the time they were damaged. See M.A.I. 4.02; Brunk v. Hamilton-Brown Shoe Co., 66 S.W.2d 903, 910 (Mo. 1933); Randall v. Steelman, 294 S.W.2d 588, 594 (Mo. App. 1956); Hayes v. Dalton, 257 S.W.2d 198, 201 (Mo. App. 1953).

Plaintiff responds that where evidence is introduced establishing that the damage to the property is temporary and readily capable of repairs, "it would be unrealistic to require plaintiff to introduce additional evidence of the before and after value of the entire building because the evidence of the cost of repairs logically reflects the property's reduction in value." G. White v. Marshall, 83 S.W.3d 57, 62 (Mo. Ct. App. 2002), citing McLane v. Wal-Mart Stores, Inc., 10 S.W.2d 602, 606 (Mo. Ct. App. 2000). Where

10

evidence is introduced establishing the damage to the property is temporary and readily capable of repair, the burden of establishing diminution of value is the appropriate measure of damages would fall on the defendant. Id. (However, the cases cited by plaintiffs appear to be distinguishable from the present situation, as the property damages in the cited cases were not as substantial as those in the present matter.) Additionally, plaintiffs state they plan to present testimony from the Goenses regarding the fair market value of the property before and after the fire, so this is really a non-issue.

Further, with response to the value of the personal property, plaintiffs indicate that they anticipate presenting evidence of the actual cash value, i.e., fair market value, through Ms. Lisa Berrett, the adjuster who adjusted this fire loss.

**Ruling: Sustained. Plaintiffs will not be allowed to present argument to the jury that the cost of repair is the only proper measure of damages without also submitting evidence of the fair market value of the house for the jury to consider.**

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:  07/08/10
Kansas City, Missouri