# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

Nancy Lea Goens and Timothy )
Allen Goens, )
             Plaintiffs, )
vs. ) No. 09-0422-CV-W-FJG
Southern Union Company d/b/a )
Missouri Gas Energy, )
             Defendant. )

## ORDER

Pending before the Court is Defendant Southern Union Company d/b/a Missouri Gas Energy's (hereafter, "MGE") Motion for Summary Judgment (Doc. No. 57).

**I.**    **Background**

This case arises out of a fire that occurred in plaintiffs' home on April 27, 2004. Plaintiffs allege that the fire occurred due to the negligence of an MGE gas service technician who relit the pilot light of the water heater in the basement of plaintiffs' residence on April 14, 2004. Plaintiffs allege the MGE technician negligently failed to place the combustion access cover back on the water heater after relighting the pilot light. They further allege that a flame roll-out occurred within the water heater on April 27, 2004, igniting nearby combustible materials and causing extensive damage to the plaintiffs' residence. Plaintiffs further allege that the MGE gas service technician failed to remove combustibles that were near the water heater and/or failed to advise plaintiffs that storing combustible materials such as boxes, etc., near the water heater presented a dangerous condition and fire hazard.

Defendant argues that summary judgment is proper because: (1) plaintiffs' claims are barred by the applicable tariff, which has the force and effect of law; (2) plaintiffs cannot demonstrate causation; (3) plaintiffs were aware of the dangers associated with stacking combustibles near a water heater and thus MGE had no duty to warn; and (4) plaintiffs' experts' opinions are inadmissible, and without their testimony, plaintiffs cannot create a

genuine issue of material fact regarding the cause of the fire.[1]

## II.     Facts

At all relevant times, Plaintiffs Nancy Goens and Timothy Goens (hereinafter collectively referred to as "Plaintiffs"), resided at the property located at 717 Sunset Drive, Independence, Missouri 64050 (the "Goens Home").[2] MGE is a "Gas Corporation" as that term is defined in R.S. Mo. § 386.020(18) and is governed by the Missouri Public Service Commission pursuant to R.S. Mo. § 386.040, *et seq.* At all relevant times, MGE provided natural gas service to the Goens Home.

Section 4.01 of the applicable MGE tariff (the "MGE Tariff"), filed with and approved by the Missouri Public Service Commission ("MPSC"), provides:

> Any and all piping, appliances, equipment or facilities (except meters, regulators, or related equipment owned by Company and located on customer's premises) required to utilize gas service beyond the point of delivery shall be furnished, installed and maintained in a safe, efficient, and proper operating condition at the expense of customer and shall be the sole responsibility of customer, except that customer-owned service lines and yard lines will be maintained as provided for in Section 3.15.

*See* MGE Affidavit, ¶ 6, attached as Exhibit A to Doc. No. 58. The water heater at issue in this case is located beyond the point of delivery, on the Plaintiffs' side of the meter.

Section 3.19 of the MGE Tariff, provides:

> Customer shall save Company harmless from all claims for trespass, injuries to persons, or damage to lawns, trees, shrubs, buildings or other property that may be caused by reason of the installation, operation, or replacement of the service line, yard line and other necessary appurtenances to serve customer unless it shall affirmatively appear that the injury to persons or damage to property complained of has been caused by willful default or negligence on the part of Company or its accredited personnel.

> Company may refuse or discontinue service if an inspection of test reveals

---

[1] After this motion was filed, this Court denied defendant's motion to strike plaintiffs' experts. <u>See</u> Order, Doc. No. 126. Accordingly, this ground for relief raised in defendant's motion for summary judgment will be **DENIED.**

[2] At the time of the fire, Nancy Goens' daughter, Sherry Hercules, also resided at the Goens Home.

> leakage, escape or loss of gas on customer's premises. Company will not be liable for any loss, damage or injury whatsoever caused by such leakage, escape or loss of gas from the customer's service line, yard line, ancillary lines, house piping, appliances or other equipment.

On April 14, 2004, MGE terminated the natural gas service to the Goens Home due to failure to pay. On the same day that natural gas service to the Goens Home was terminated, Plaintiffs appealed to MGE to restore service because Nancy purportedly had recently been released from the hospital. Although Plaintiffs had not made payment on the account, MGE agreed to restore service to the Goens Home due to hardship; MGE service technician, Eric Miller ("Miller"), returned to the house to initiate natural gas service. While he was at the Goens Home, Miller replaced an obsolete regulator, performed the standard turn on procedure, and re-lit the pilot lights of the natural gas appliances in the home, including the water heater, which was located in the basement of the home. Plaintiffs, however, allege that Mr. Miller did not reinstall the outer combustion access cover on the water heater after he relit it. On April 27, 2004, thirteen days after natural gas was restored to the Goens Home, a fire occurred in the basement of the home.

On April 23, 2009, Plaintiffs filed suit against MGE in connection with the April 27, 2004 fire alleging that MGE's gas service representative "negligently, carelessly and improperly created a fire hazard by failing to place both the inner and outer combustion access covers back on the water heater after the pilot light was ignited." See Doc. No. 1. Plaintiffs further allege that MGE's gas service representative "negligently, carelessly and improperly failed to remove any combustibles that were near the water heater combustion access area." Id. Plaintiffs further allege that MGE's gas service representative "negligently, carelessly, and improperly failed to warn or otherwise advise the Plaintiffs that the presence of any potentially combustible materials near the water heater combustion access areas presented a dangerous condition and a fire hazard." Id. Plaintiffs contend that, as a result of MGE's gas service representative's alleged negligence, the water heater in the basement of the Goens Home exhibited a flame roll out condition and the flames ignited nearby combustible materials and caused extensive damage to the Goens Home.

3

Plaintiffs' have not alleged that MGE installed, manufactured, or supplied the water heater in the basement of the Goens Home.

Defendant states that "[t]he only evidence Plaintiffs have in support of their contention that MGE's gas service representative negligently, carelessly and improperly created a fire hazard by failing to place both the inner and outer combustion access covers back on the water heater after the pilot light was ignited is: (a) Plaintiffs' own contention that they never lit the pilot light themselves; (b) Plaintiffs' own contention that MGE's representative was the last person to light the pilot light on April 14, 2004 and the last person in the basement prior to the fire; and (c) burn patterns on the hot water heater's outer combustion access cover." Plaintiffs respond that this is a mischaracterization of the evidence.

Defendants further state, "The only evidence Plaintiffs have in support of their contention that MGE's gas service representative negligently, carelessly and improperly failed to remove any combustibles that were near the water heater combustion access area is: (a) Plaintiffs' own contention that they never lit the pilot light themselves; (b) Plaintiffs' own contention they did not place any items near the water heater after the MGE representative lit the pilot light on April 14, 2004; (c) that the MGE representative allegedly did not tell Plaintiffs to move any materials in the basement; (d) burn patterns on the hot water heater's outer combustion access cover; and (e) expert testimony and opinions regarding flame roll-out that allegedly caused the fire by igniting combustibles near the water heater combustion access area." Again, plaintiffs call this a mischaracterization of the evidence.

Over the course of her life, Nancy Goens has been exposed to water heaters. Ms. Goens understood in April of 2004 that it was Plaintiffs' obligation, as the owners of the water heater at the Goens Home, to maintain the water heater, ensure the safe operation of the water heater, and maintain the area in the vicinity of the water heater. Ms. Goens was aware in 2004 that water heaters have flame burners. Ms. Goens was aware prior to the fire in April of 2004 that combustibles should not be stacked around a water heater because a fire may result. See

4

Exhibit B to Doc. No. 58, N. Goens Dep., 34:24–35:11. However, plaintiffs note that Nancy Goens had not been in the Goens' basement for several years prior to the fire. See Ex. 6 to Doc. No. 79, 73:9 - 74:13. Ms. Goens testified she expected that her husband, Timothy Goens, was also aware prior to the fire in April of 2004 that combustibles should not be stacked around a water heater because a fire may result; however, as noted by plaintiffs, the cited testimony calls for speculation as to what Mr. Goens actually knew or did not know prior to the fire. Defendants further indicate that Sherry Hercules was aware prior to the fire in April of 2004 that combustibles should not be stacked around a water heater because a fire may result; however, again, they support this statement in their suggestions in support of the motion for summary judgment by citing to Nancy Goens' testimony, not Sherry Hercules' testimony.[3]

### III. Standard

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue

---

[3] In its reply suggestions, defendant cites to Ms. Hercules' deposition for the proposition that she was aware in April 2004 that combustibles should not be stacked around a water heater because a fire may result. However, the deposition testimony does not exactly support the proposition asserted. Instead, Ms. Hercules agreed that she would "know enough not to put combustibles up against a water heater for fear they would catch fire." See Ex. F to Doc. No. 90, pp. 38:11-39:5. As the Court understands plaintiffs' theory of this case, plaintiffs are alleging that the flame roll-out condition caused combustibles that were stacked near the water heater (not against the water heater) to catch on fire. Defendant further cites in its reply brief to warnings contained in the Owners' Manual for the Goens water heater. The Court will not consider new evidence introduced in the reply brief, as plaintiffs have not had a chance to respond to that evidence. See Sowers v. Gatehouse Media Missouri Holdings, Inc. 2010 WL 1633389, *2 (E.D. Mo. 2010)(citing Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164-65 (10th Cir. 1998). Therefore, the Court will not consider the evidence related to the Owners' Manual or Ms. Hercules' deposition in evaluating defendant's summary judgment motion.

5

of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327.

## IV.    Analysis

### A.    Plaintiffs' Negligence Claims related to Failure to Replace the Water Heater's Combustion Access Covers and Failure to Remove Combustibles near the Water Heater

#### 1.    MGE's Tariff

Defendant argues that MGE's tariff, which is filed with and approved by the state regulatory agency, precludes plaintiffs' negligence claims. Defendant notes that, as a distributor of natural gas in Missouri, MGE operates under the supervision of the MPSC. See, e.g., R.S.Mo. § 393.140; see also R.S.Mo. § 386.010, *et seq*. MGE has filed its tariff with the approval of the MPSC. Defendant notes that the "filed rate doctrine" applies where

a regulatory agency like the MPSC determines the rates, terms and conditions of service, and duties a regulated entity owes to its customers. Bauer v. Sw. Bell Tel. Co., 958 S.W.2d 568, 570 (Mo. App. E.D. 1998) (finding that a tariff filed with and approved by an administrative agency under the regulatory scheme governs the utility's relationship with its customers and has the force and effect of law (citing Sw. Bell Tel. Co. v. Metro-Link Telecom, Inc., 919 S.W.2d 687 (Tex. App. 1996))). Furthermore, it is presumed that the customers of a utility know the contents and effects of published tariffs, and ignorance of the terms of a filed tariff does not affect the binding nature of its terms. Bauer, 958 S.W.2d at 570. However, statutes are strictly construed when existing common law rights are affected, and if a close question exists, Missouri courts weigh in favor of retaining the common law. See Estate of Charles Parker v. Parker and Leffler, 25 S.W. 3d 611 (Mo. Ct. App. 2000).

Defendant states that plaintiffs' negligence claims are precluded by the tariff. Section 4.01 of the MGE Tariff provides:

> Any and all piping, appliances, equipment or facilities (except meters, regulators, or related equipment owned by Company and located on customer's premises) required to utilize gas service beyond the point of delivery shall be furnished, installed and maintained in a safe, efficient, and proper operating condition at the expense of customer and shall be the sole responsibility of customer, except that customer-owned service lines and yard lines will be maintained as provided for in Section 3.15.

Additionally, defendant notes that the second paragraph of Section 3.19 of the MGE Tariff provides:

> Company may refuse or discontinue service if an inspection of test reveals leakage, escape or loss of gas on customer's premises. Company will not be liable for any loss, damage or injury whatsoever caused by such leakage, escape or loss of gas from the customer's service line, yard line, ancillary lines, house piping, appliances or other equipment.

Defendant states that plaintiffs' claims that MGE "negligently, carelessly and improperly created a fire hazard by failing to place both the inner and outer combustion access covers back on the water heater after the pilot light was ignited" and that MGE "negligently,

7

carelessly and improperly failed to remove any combustibles that were near the water heater combustion access area" are barred, as the water heater was located inside plaintiffs' home, and thus defendant cannot be liable for negligence.

In response, plaintiffs note that MGE omits part of Section 3.19 of its tariff in its discussion of this issue. The omitted part of Section 3.19 indicates:

> Customer shall save Company harmless from all claims for trespass, injuries to persons, or damage to lawns, trees, shrubs, buildings or other property that may be caused by reason of the installation, operation, or replacement of the service line, yard line and other necessary appurtenances to serve customer unless it shall affirmatively appear that the injury to persons or damage to property complained of *has been caused by willful default or negligence on the part of Company or its accredited personnel.*

Section 3.19 (emphasis added). Plaintiff argues that any exculpatory language in the tariff should be strictly construed against the utility company and in favor of the customer. See e.g., Adams v. Northern Illinois Gas Co., 809 N.E. 2d 1248, 1268 (Ill. 2004) (finding that language in a tariff stating a customer was responsible for maintaining all gas utilization on the customer's premises did not abrogate the gas company's common law duty to warn of a gas leak in a customer's gas appliance). Plaintiff further argues that nothing in Section 4.01 of the tariff relieves MGE of its common law duty of exercising reasonable care in the provision of its services. Here, plaintiffs note that the tariff is silent as to whether MGE can be found liable when its employees affirmatively perform work or services on facilities and equipment that are beyond the point of gas delivery. Plaintiffs also indicate that the first paragraph of 3.19 could be read so that defendant could be held liable for its own negligence as alleged in plaintiffs' complaint.

After reviewing the parties' briefs and the case law surrounding the filed rate doctrine, the Court finds that summary judgment should be **DENIED** as to this issue. As an initial matter, the Court agrees with plaintiff that the actions alleged in the complaint (the failure of the MGE employee to properly reinstall the access covers on the water heater and failure to remove combustibles near the water heater combustion access area) appear to be affirmative acts conducted by the MGE employee beyond the point of gas delivery,

8

and common law tort claims for this sort of negligence do not appear to be precluded by Section 4.01 of the tariff.[4]  Additionally, the Court finds that defendant has not demonstrated that Section 3.19 operates to preclude plaintiffs' negligence claims. Accordingly, defendant's motion for summary judgment based on the filed rate doctrine will be **DENIED.**

## 2. Credibility of Plaintiffs' Causation Evidence

Defendant indicates that plaintiffs' evidence of causation is not credible and that plaintiffs' claims therefore should be dismissed. Viewing the facts in the light most favorable to plaintiffs, as the Court must, the Court cannot find that plaintiffs will be unable to demonstrate causation at trial. In particular, the Court has not stricken plaintiffs' experts' testimony, which provides support for plaintiffs' contention that the MGE service technician did not replace the water heater's combustion access covers. Further, defendant's evidence that plaintiffs and their daughter may have been in the basement of the home sometime between the relighting of the pilot light and the fire does not make plaintiffs' contentions regarding the MGE service technician any less credible. Defendant's motion will be **DENIED** on this point.

---

[4] The Court finds persuasive the analysis in <u>Adams v. Northern Illinois Gas Co.</u>, 809 N.E. 2d 1248, 1266 (Ill. 2004), where the court found that where a utility tariff speaks to a specific duty, the tariff may be controlling, but where the tariff does not address a particular situation, the common law applies. <u>See also</u> <u>AT&T v. Central Office Telephone</u>, 524 U.S. 214, 230-31 (1998)(J. Rehnquist, concurring)(noting that the tariff "does not govern the entirety of the relationship between the common carrier and its customers . . . [t]he filed rate doctrine's purpose is to ensure that the filed rates are the exclusive source of the terms and conditions by which the common carrier provides to its customers the services covered by the tariff. It does not serve as a shield against all actions based in state law").

## B. Plaintiffs' Claims for Negligent Failure to Warn of the Dangers Associated with Placing Combustible Materials Near the Water Heater

Defendant indicates that it is entitled to summary judgment on Plaintiffs' negligent failure to warn claim because there is a complete absence of evidence from which a reasonable jury could conclude that MGE's alleged failure to warn was the cause of the April 27, 2004, fire at the Goens Home. To prevail on a claim of negligence, the plaintiffs must prove three elements: (1) that the defendant has a duty to protect the plaintiffs from injury; (2) that defendant breached that duty; and (3) that the defendant's breach resulted in injury to plaintiffs. Smith v. Brown & Williamson Tobacco Corp., 275 S.W.3d 748, 784 (Mo. App. W.D. 2008) (citing Hill v. Gen. Motors Corp., 637 S.W.2d 382, 384 (Mo. App. E.D.1982)). Evidence that the plaintiffs knew of the specific danger that caused the injury obviates the duty to warn. Cole v. Goodyear Tire & Rubber Co., 967 S.W.2d 176, 185 (Mo. App. E.D. 1998); Duke v. Gulf & W. Mfg. Co., 660 S.W.2d 404, 418 (Mo. App. W.D. 1983).

Here, defendant argues that Nancy Goens, Timothy Goens, and Sherry Hercules were all aware prior to the fire in April 2004 that it was their obligation to maintain the area in the vicinity of the water heater, and they knew that combustibles should not be stacked around a water heater because fire may result. However, defendant has only demonstrated, for purposes of this summary judgment motion, that Nancy Goens was aware that combustibles should not be stacked around a water heater; defendant's evidence as to Timothy Goens and Sherry Hercules does not establish that they knew of such a risk, and so the Court cannot find that MGE had no duty to warn Plaintiffs of the danger. The Court further agrees with plaintiffs that Nancy Goens' testimony does not establish that she was aware of the specific risk of a flame roll-out condition. Further, plaintiffs note that Ms. Goens has physical limitations and had not been in the basement of her home for several years prior to the fire; plaintiffs argue that Ms. Goens was not in a position to know that household items were being stored near the water heater. Therefore, the Court agrees with plaintiffs that questions of material fact exist as to whether

defendant's failure to red tag the water heater or otherwise advise the residents that nothing should be stored near a water heater was causative of the fire. Defendant's motion for summary judgment as to this issue will be **DENIED.**

## **V.** **Conclusion**

For all the foregoing reasons, defendant's motion for summary judgment (Doc. No. 57) is **DENIED.**

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: 07/14/10
Kansas City, Missouri