# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Nancy Lea Goens and Timothy Allen Goens, | ) ) |
| Plaintiffs, | ) |
| vs. | ) No. 09-0422-CV-W-FJG |
| Southern Union Company d/b/a Missouri Gas Energy, | ) ) |
| Defendant. | ) |

# ORDER

Before the Court are the parties' objections to deposition designations. The Court rules as follows:

**I.  Defendant's objections to plaintiff's deposition designations (Doc. No. 82)**

**Def's SPECIFIC OBJECTIONS TO FIRE CAPTAIN CANGELOSI'S TESTIMONY**

| **PROPOSED DESIGNATION** | **OBJECTION** |
|---|---|
| P. 17, lines 5-17 | Leading and improper foundation; witness testified that it was not his job to investigate the origin of the fire and that he did not do so in this case (see p. 16: lines 12-13) |
| | RULING: **Overruled.** |
| P.19, lines 2-7 | Vague; the preceding line of questioning concerned whether water or a fire stream could knock the cover door off the face of a water heater. Here, subject question asks if witness has ever seen a cover knocked off by "fire", rather than water or fire "stream." |
| | RULING: **Sustained.** |
| P. 23, lines 14-18, 25-P. 24, line 4 | Leading, compound, misstates prior testimony. Witness never testified that he did not have training in origin and cause investigation of fires. He testified only that |

|  |  |
|---|---|
|  | it was not his job (16:23-17:4) and that he did not investigate the origin or cause of the fire in this case. (16:9-13) |
|  | RULING: **Overruled.** |
| P. 24, lines 5-21,<br>P. 25, lines 8-14 | Hearsay. Witness is asked about what he was told and what he heard from unknown individuals about the installation of the water heater and work performed by MGE service technicians. |
|  | RULING: **Sustained.** |
| P. 28, lines 13-18 | Improper foundation, improper hypothetical and calls for speculation. Witness is asked whether a certain scenario can occur without providing any facts or information to support the question, such as the type of combustibles, the proximity of the combustibles "near the water heater" and combustion chamber opening, the length of time of "flame rollback." |
|  | RULING: **Sustained.** |

### Def's SPECIFIC OBJECTIONS TO PLAINTIFF TIM GOENS' TESTIMONY

| **PROPOSED DESIGNATION** | **OBJECTION** |
|---|---|
| P. 62, lines 8-23 | Irrelevant and unduly prejudicial. Witness's prior experience lighting a pilot light in another house when he was a child, which resulted in him being burned, is irrelevant to whether he lit the pilot lights in the subject house and unduly prejudicial. |
|  | RULING: **Sustained.** |

### Def's SPECIFIC OBJECTIONS TO ERIC MILLER'S TESTIMONY

| **PROPOSED DESIGNATION** | **OBJECTION** |
|---|---|

| | |
|---|---|
| P. 30, lines 13-19 | Lack of foundation and calls for speculation. Witness is being asked about what happened in the fire and what caused the fire. No foundation for his testimony has been laid, and there is no evidence that this witness investigated the fire, has the training or experience to conduct a fire origin and cause investigation, or rendered any opinions regarding what caused the fire, including "what happened to the water heater." |
| | RULING: **Sustained.** |
| P. 31, lines 22-P. 35, line 23 | Hearsay. Witness is being asked about what he was told and what he heard from unknown individuals about the fire. |
| | RULING: **Sustained.** |
| P. 42, lines 3-17 | Vague. Question was initially asked and then withdrawn and rephrased so the response to the initial question should be stricken. The rephrased question is also vague. |
| | RULING: **Overruled.** |
| P. 43, lines 11-19 | Vague. Question does not specify a time period. |
| | RULING: **Overruled.** |
| P. 44, lines 17-24 | Vague. Question asks the witness to "describe what the Goens basement looked like near or against the water heater...", which could include any number of things, including the rafters above the water heater, the walls around the water heater, the type, color, construction and condition of the walls, the condition and description of the appliances, the floor covering, the cleanliness of the basement, the items in the basement, etc. |

RULING: **Overruled.**

II. **Plaintiffs Nancy and Timothy Goens' Objections to Defendant's Proposed Deposition Designations (Doc. No. 89)**

**Pltfs' SPECIFIC OBJECTIONS TO FIRE CAPTAIN CANGELOSI'S TESTIMONY**

| PROPOSED DESIGNATION | OBJECTION |
|---|---|
| P. 8, lines 19- P. 9, line 5,<br>P. 11, lines 20- P. 12, line 15 | Relevance, lack of foundation, and hearsay as to the Independence Fire Dept. Report, also noting he testified that some of the information reflected in his narrative was based on discussions with others and some of it was automatically entered by other fire dept. personnel.<br><br>RULING: **Overruled.** |
| P. 14, lines 22- P. 15, line 2<br>P. 15, lines 7-18 | Lack of foundation, vague and ambiguous without related testimony, hearsay as to the Independence Fire Dept. Report.<br><br>RULING: **Overruled.** |
| P. 19, lines 12-P. 20, line 3 | Relevance, vague and ambiguous without related testimony regarding fire/water stream and water heater pilot light cover.<br><br>RULING: **Overruled.** |
| P. 29, lines 17-25; P. 30, lines 1-25; P. 31, line 3 | Leading.<br><br>RULING: **Overruled.** |
| P. 31, lines 18-20 | Leading, lack of foundation.<br><br>RULING: **Overruled.** |
| P. 31, lines 25- P. 32, line 2 | Leading.<br><br>RULING: **Overruled.** |

| | |
|---|---|
| P. 32, lines 15-18 | Leading. |
| | RULING: **Overruled.** |
| P. 32, lines 19-21 | Leading. |
| | RULING: **Overruled.** |
| P. 33, lines 1-8 | Lack of foundation, incomplete hypothetical. |
| | RULING: **Sustained.** |
| P. 33, lines 12-20 | Lack of foundation, assumes facts not in evidence. |
| | RULING: **Sustained.** |
| P. 34, lines 1-15 | Lack of foundation, form, calls for speculation. |
| | RULING: **Sustained.** |
| P. 34, lines 18-21 | Form, argumentative. |
| | RULING: **Sustained.** |
| P. 34, lines 22-24 | Leading. |
| | RULING: **Sustained.** |
| P. 34, line 25- P. 35, line 11 | Leading. |
| | RULING: **Sustained.** |
| P. 35, lines 12-17 | Form, foundation. |
| | RULING: **Overruled.** |
| P. 35, lines 18-25 | Form, foundation. |
| | RULING: **Overruled.** |
| P. 36, lines 1-4 | Leading, foundation, calls for speculation. |

|  |  |
|---|---|
|  | RULING: **Sustained.** |
| P. 36, lines 16-20 | Form, incomplete hypothetical. |
|  | RULING: **Sustained.** |
| P. 36, lines 22-24 | Leading. |
|  | RULING: **Overruled.** |
| P. 36, line 25- P. 37, line 7 | Leading, form, foundation, misstates prior testimony that he saw bubbling, not that he saw a leak. |
|  | RULING: **Overruled.** |
| P. 38, line 5-9 | Form, foundation. |
|  | RULING: **Overruled.** |
| P. 38, line 12-17 | Leading, form, foundation. |
|  | RULING: **Overruled.** |
| P. 38, line 18-22 | Form, foundation. |
|  | RULING: **Overruled.** |
| P. 38, lines 23-25 | Leading, foundation. |
|  | RULING: **Overruled.** |
| P. 39, lines 1-3 | Leading, foundation. |
|  | RULING: **Overruled.** |
| P. 42, lines 8-18 | Foundation; the force of the water used at the fire scene has not been established. |
|  | RULING: **Overruled.** |
| P. 42, line 24- P. 43, line 3 | Foundation, calls for speculation. |
|  | RULING: **Overruled.** |
| P. 43, line 23- P. 44, line 10 | Foundation, leading, calls for speculation. |

RULING: **Overruled.**

| | |
|---|---|
| P. 44, line 13- P. 45, line 18 | Foundation, leading, relevance. |
| | RULING: **Overruled.** |

**Pltfs' SPECIFIC OBJECTIONS TO KEVIN FITHEN'S TESTIMONY**

| PROPOSED DESIGNATION | OBJECTION |
|---|---|
| P. 13, line 6- P. 14, line 16<br>P. 17, lines 14-20 (starting at "Well, then...")<br>P. 18, lines 1-7 | Relevance and unduly prejudicial; the entire line of questioning is irrelevant because it pertains to invoices and non-payment for work that is not part of the Goens' claim against MGE. The Goens' filing for bankruptcy is irrelevant to the issues in this case, and mention of it is also unduly prejudicial. |
| | RULING: **Sustained.** |
| P. 30, line 15- P. 34, line 6<br>P. 34, line 18- P. 36, line 11 | Lack of foundation and hearsay as to excerpts of testimony from Nancy Goens' deposition. |
| | RULING: **Sustained.** |
| P. 37, line 24- P. 38, line 2 | Lack of foundation and hearsay as to Nancy Goens' testimony. |
| | RULING: **Sustained.** |
| P. 38, lines 3-10 | Lack of foundation and vague as to counsel's reference to "photographs that I listed." |
| | RULING: **Sustained.** |

**Pltfs' SPECIFIC OBJECTIONS TO NANCY GOENS' TESTIMONY**

| PROPOSED DESIGNATION | OBJECTION |
|---|---|
| P. 32, line 22- P. 33, line 1 | Foundation, vague, calls for speculation. |
| | RULING: **Overruled.** |

| | |
|---|---|
| P. 34, line 2- P. 36, line 17 | Foundation, calls for speculation regarding what can be stacked around a water heater. |
| | RULING: **Overruled, except for p. 36, lines 1-17, which objections are sustained.** |
| P. 41, lines 3-17 | Lack of foundation for photograph. |
| | RULING: **Overruled.** |
| P. 42, line 23- P. 43, line 11 | Foundation and calls for speculation. |
| | RULING: **Sustained.** |
| P. 45, lines 9-15<br>Starting with "Look at exhibit..." | Lack of foundation for photograph. |
| | RULING: **Sustained.** |
| P. 45, line 16- P. 46, line 2 | Foundation, form, calls for speculation, and asked and answered. |
| | RULING: **Sustained.** |
| P. 60, line 20- P. 62, line 6 | Lack of foundation as to photograph. |
| | RULING: **Overruled.** |
| P. 62, lines 20-22 | Relevance and calls for speculation. |
| | RULING: **Overruled.** |
| P. 69, line 5- P. 70, line 1 | Relevance, lack of foundation and calls for speculation. |
| | RULING: **Sustained.** |
| P. 70, line 21- P. 71, line 2 | Lack of foundation and calls for speculation. |
| | RULING: **Overruled.** |
| P. 73, lines 9-19 | Lack of foundation, form of question is compound, vague and ambiguous, assumes facts not in evidence, and calls |

| | |
|---|---|
| | for speculation. |
| | RULING: **Overruled.** |
| P. 77, line 21- P. 78, line 12 | Relevance and lack of foundation. |
| | RULING: **Sustained.** |
| P. 89, lines 14-20 | Lack of foundation as to photo, and relevance as to milk crates. |
| | RULING: **Overruled.** |
| P. 90, lines 5-11 | Lack of foundation, calls for speculation, and relevance. |
| | RULING: **Overruled.** |

### Pltfs' SPECIFIC OBJECTIONS TO PLAINTIFF TIM GOENS' TESTIMONY

| **PROPOSED DESIGNATION** | **OBJECTION** |
|---|---|
| P. 53, line 10- P. 54, line 2 | Relevance and lack of foundation. |
| | RULING: **Sustained.** |
| P. 71, line 5- P. 72, line 9 | Relevance and calls for speculation with regard to Nancy Goens' knowledge of when the suit was first filed. |
| | RULING: **Sustained.** |

### Pltfs' SPECIFIC OBJECTIONS TO SHERRY HERCULES' TESTIMONY

| **PROPOSED DESIGNATION** | **OBJECTION** |
|---|---|
| P. 8, line 16- P. 11, line 1<br>P. 35, line 6- P. 37, line 2 | Relevance, lack of foundation, and unduly prejudicial for entire line of questioning regarding her receipt of Social Security disability and as to whether she is bipolar. |
| | RULING: **Sustained.** |
| P. 13, line 24- P. 14, line 10 | Lack of foundation and hearsay in regard |

to question referring to Nancy Goens' testimony; relevance and argumentative in that counsel references "so much debt", which has no bearing on any issues in the case.

RULING: **Sustained.**

### III. Defendant Southern Union Company d/b/a Missouri Gas Energy's Objections to Plaintiffs' Proposed <u>Counter</u> Deposition Designations (Doc. No. 91)

### Def's SPECIFIC OBJECTIONS TO FIRE CAPTAIN CANGELOSI'S TESTIMONY

| PROPOSED DESIGNATION | OBJECTION |
|---|---|
| P. 17, line 25- P. 18, line 23 | Relevance. |
| | RULING: **Sustained.** |
| P. 21, lines 18-22 | Improper foundation. |
| | RULING: **Sustained.** |
| P. 22, lines 11-19 | Leading. |
| | RULING: **Overruled.** |
| P. 22, lines 20-23 | Vague. |
| | RULING: **Sustained.** |
| P. 23, lines 5-8 | Leading and misstates the witness's testimony. |
| | RULING: **Sustained.** |
| P. 50, line 13- P. 51, line 2 | Improper foundation. Witness testified that he could not testify how big an area was on fire. |
| | RULING: **Sustained.** |

## Def's SPECIFIC OBJECTIONS TO KEVIN FITHEN'S TESTIMONY

| **PROPOSED DESIGNATION** | **OBJECTION** |
|---|---|
| P. 11, lines 1-5 | Misleading and incomplete. Designated testimony begins in the middle of a sentence and is incomplete. |
| | RULING: **Sustained.** |
| P. 34, lines 7-17 | Relevance and misleading. Designation includes attorney commentary and is improper and unnecessary. Further, the question was withdrawn and reformed in response to counsel's objection to the form of the question. The withdrawn question should be stricken. |
| | RULING: **Sustained.** |

## Def's SPECIFIC OBJECTIONS TO NANCY GOENS' TESTIMONY

| **PROPOSED DESIGNATION** | **OBJECTION** |
|---|---|
| P. 22, lines 9-13, starting with "she lost seven..." | Relevance and unduly prejudicial. Witness's testimony regarding her daughter's history of miscarriages is irrelevant to the issues in the case, and unduly prejudicial. |
| | RULING: **Sustained.** |
| P. 37, lines 18-21 | Misleading and incomplete. |
| | RULING: **Sustained.** |
| P. 46, line 3- P. 47, line 3 | Improper foundation and speculation. Witness testified that she could not recall whether she hired a neighbor or not. |
| | RULING: **Sustained.** |

11

| | |
|---|---|
| P. 67, lines 2-6 | Speculation. Witness testified that she could not recall dates and is speculating as to when she was last hospitalized. |
| | RULING: **Sustained.** |
| P. 95, lines 13-19 | Speculation, incomplete, and misleading. Inquiry calls for witness to speculate. Testimony as designated is incomplete. |
| | RULING: **Sustained.** |
| P. 117, lines 18-22 | Leading, and asked and answered in earlier designated portions of witness's testimony. |
| | RULING: **Overruled.** |
| P. 117, line 23- P. 118, line 11 | Speculation and improper foundation. Witness is being asked to speculate about matters outside her personal knowledge, whether either her husband or her daughter ever lit the pilot lights on any appliances in the house. |
| | RULING: **Sustained.** |
| P. 118, lines 12-20 | Speculation, improper foundation and hearsay. Witness is not qualified to opine as to what caused the fire and did not conduct a fire origin and cause investigation. What she may have been told about the fire investigators' conclusions concerning the origin and cause of the fire is hearsay. |
| | RULING: **Sustained.** |
| P. 118, line 21- P. 120, line 6 | Hearsay. Witness is being asked about a conversation with an unidentified lawyer and what the lawyer discussed, which is inadmissible hearsay. |
| | RULING: **Sustained.** |
| P. 120, line 22- P. 121, line 9 | Leading and asked and answered in |

| | earlier designated portions of the witness's testimony. |
| --- | --- |
| | RULING: **Sustained.** |
| P. 123, lines 12-13 | Incomplete and misleading. Question designated was objected to and withdrawn. No answer to the question was provided and a new question was asked. The designated testimony should be stricken. |
| | RULING: **Sustained.** |
| P. 125, line 5- P. 126, line 2 | Misleading, inaccurate, speculation and improper foundation. Witness later testified that she was not in fact even home when the service technician came to the house to restore natural gas service, and thus, the testimony designated is misleading, inaccurate and was subsequently recanted by the witness (126: 6-25). Witness is also speculating as to what the service technician said or did while at the house. |
| | RULING: **Overruled.** |

## Def's SPECIFIC OBJECTIONS TO TIM GOENS' TESTIMONY

| **PROPOSED DESIGNATION** | **OBJECTION** |
| --- | --- |
| P. 16, line 21- P. 38, line 11 | Relevance. Witness's lengthy work history is not relevant to the issues in the case. |
| | RULING: **Sustained.** |
| P. 39, line 22- P 40, line 21 | Relevance. Witness's lawn mowing activities in 2003 are not relevant to the issues in the case in that MGE performed the subject turn-on on April 14, 2004 and the fire occurred on April 27, 2004. |
| | RULING: **Sustained.** |

13

| | |
|---|---|
| P. 42, lines 17-19 | Speculation and improper foundation. The witness, who was allegedly rarely at the house due to his work schedule, is being asked to speculate as to Nancy Goens' activities. |
| | RULING: **Sustained.** |
| P. 51, lines 11-18 | Speculation and improper foundation. Witness is admittedly speculating about the activities of Sherry Hercules and Nancy Goens. |
| | RULING: **Sustained.** |

### Def's SPECIFIC OBJECTIONS TO SHERRY HERCULES' TESTIMONY

| **PROPOSED DESIGNATION** | **OBJECTION** |
|---|---|
| P. 18, lines 10-21 | Speculation and misstates the evidence and testimony. The witness admittedly cannot recall whether she replaced the lawn mower in the basement after mowing the lawn in April 2004. The photographs evidence that the lawn mower was in fact in the basement at the time of the fire, contrary to her testimony, which is speculative and thus misleading. |
| | RULING: **Sustained.** |
| P. 47, line 23- P. 48, line 3 | Relevance. Whether and how often Sherry Hercules is left alone to care for her child is irrelevant to the issues in the case. |
| | RULING: **Sustained.** |
| P. 69, lines 5-18 | Improper foundation and speculation as to the distance from the basement door to the water heater. |
| | RULING: **Sustained.** |
| P. 72, lines 1-19 | Vague, incomplete and misleading. The testimony designated ends in the middle |

of the attorney's commentary. To the extent Plaintiffs intended to designate 71:1-19, MGE objects to the designated testimony as vague as to the line of questioning "that maybe any cap would have been left off of the pilot light for the water heater." There have never been any allegations or evidence suggesting that a "cap" was left off the pilot light for the water heater or that such condition caused or contributed to the fire.

RULING: **Sustained.**

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:  07/14/10
Kansas City, Missouri